# IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR BREVARD COUNTY, FLORIDA

Marcus Hoper Sr,
We the People,
Plaintiff,

v. Case No.: 2025-CA-056812

Kurt Erlenbach,
Maureen Salamone,
Sheriff Wayne Ivey
CPL Todd Calhoun,
Deputy Frankie Mayes,
Defendants.

RACHEL M. SADOFF
2026 JUN 26 P 4: 14
FILED IN TVL
CLERK OF CIR. CT.
BREVARD CO. FL.

Come now, and let us reason together, saith the LORD: ... - Isaiah 1:18 KJV1

## AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

### I. INTRODUCTION

Plaintiff Marcus Hoper Sr, an Indigenous American State National and living man, appearing pro se and unlearned in law, invokes *Haines v. Kerner*, 404 U.S. 519 (1972), for liberal construction of this complaint. Plaintiff alleges Defendants violated his constitutional rights, federal criminal statutes, and international Indigenous rights by failing to file critical documentation, intimidating court personnel, falsely misrepresenting Plaintiff as a corporate fiction, acting ultra vires beyond lawful authority, and obstructing justice. Plaintiff demands this case be removed from any magistrate and assigned to a federal district judge.

### II. PARTIES

- **Plaintiff:** Marcus Hoper Sr, Indigenous American State National, holder of inherent rights under Common Law, Canon Law, the U.S. Constitution, and international treaties including PEACE AND FRIENDSHIP (1787), ADRIP, UNDRIP, and H.Con.Res. 331.
- **Defendants:**
- General Magistrate Kurt Erlenbach, acting in judicial capacity.
- Mrs. Maureen Salamone, Judge's Assistant, acting in official capacity.
- CPL Todd Calhoun, law enforcement officer, acting under command of Sheriff Wayne Ivey.
- Deputy Frankie Mayes, law enforcement officer, acting under command of Sheriff Wayne Ivey.
- Sheriff Wayne Ivey, chief law enforcement officer of Brevard County, responsible for the actions of his deputies and command staff.

Case # 05-2025-CA-056812-XXCA-BC
Document Page # 21
*41565456*

## III. JURISDICTION AND VENUE

- Federal question jurisdiction exists under 28 U.S.C. §§ 1331, 1343(a)(3), and 42 U.S.C. § 1983.
- Venue proper under 28 U.S.C. § 1391 as acts occurred in this district.

## IV. FACTUAL ALLEGATIONS

- Defendants Erlenbach and Salamone failed to file and docket critical case documents, depriving Plaintiff of due process guaranteed by the Fifth and Fourteenth Amendments, Magna Carta (1215), and Common Law.
- Defendants engaged in intimidation tactics against Plaintiff and Deputy Collier, unlawfully obstructing justice and access to courts.
- Defendants falsely misrepresented Plaintiff as a corporate fiction, violating his identity and Indigenous sovereignty protected by H.Con.Res. 331, ADRIP, and UNDRIP.
- Around May 4, 2026, CPL Todd Calhoun and Deputy Frankie Mayes, acting under the command and authority of Sheriff Wayne Ivey, unlawfully prevented Deputy Collier from serving process on Defendants Erlenbach and Salamone. They cited an unconstitutional reason that judges cannot be served, acting ultra vires beyond lawful authority, thereby delaying justice.
- Sheriff Wayne Ivey, as head of Brevard County law enforcement, is responsible for the actions of CPL Calhoun and Deputy Mayes and their unlawful conduct in this matter.
- Defendants violated their Oaths of Office (5 U.S.C. § 3331) and federal criminal statutes including 18 U.S.C. §§ 912 (false oath), 219 (official misconduct), 241 (conspiracy against rights), 242 (deprivation of rights under color of law), and 245 (interference with federally protected activities).
- Plaintiff suffered severe mental and emotional distress as defined in 32 CFR 536.77(a)(3)(vi).
- Defendants' actions contravene the Northwest Ordinance (1787), Treaty of Peace and Friendship (1787), Canon Law, and Natural Law principles.

## V. CLAIMS FOR RELIEF

| **Count No.** | **Cause of Action** | **Legal Basis / Statutes / Amendments** |
|---|---|---|
| **1** | Violation of Due Process Rights | 5th & 14th Amendments; 18 U.S.C. § 242; Magna Carta (1215) |
| **2** | Interference with Civil Rights | 18 U.S.C. § 245; 42 U.S.C. § 1983 |
| **3** | Conspiracy to Commit Fraud and Perjury | 18 U.S.C. §§ 241, 912; Bronson v. U.S. |
| **4** | Treason | 18 U.S.C. §§ 2381–2391 |
| **5** | Failure to File Documentation / Ultra | Lujan v. G&G Fire Sprinklers Inc.; |

| | | |
|---|---|---|
| | Vires Acts | Administrative Law |
| **6** | False Misrepresentation of Plaintiff's Legal Status | Common Law Fraud; ADRIP; UNDRIP; H.Con.Res. 331 |
| **7** | Mental and Emotional Distress | 32 CFR 536.77(a)(3)(vi) |
| **8** | Civil Rights Violation under 42 U.S.C. § 1983 | Civil Rights Act |
| **9** | Denial of Right to Access Courts | 1st & 14th Amendments |
| **10** | Violation of Court Rules and Procedures | Court Rules |
| **11** | Abuse of Discretion / Official Misconduct | Common Law; 18 U.S.C. § 219 |

## VI. DETAILED CLAIMS

1. **Violation of Due Process (18 U.S.C. § 242):** Defendants, under color of law, deprived Plaintiff of procedural due process by refusing to file documents and obstructing service, violating the Fourteenth Amendment and Magna Carta protections.
2. **Interference with Civil Rights (18 U.S.C. § 245):** Defendants unlawfully interfered with Plaintiff's federally protected right to access courts and participate in judicial proceedings.
3. **Conspiracy to Commit Fraud and Perjury:** Defendants conspired to misrepresent Plaintiff's legal status and obstruct justice by refusing to file documents and preventing service of process.
4. **Treason (18 U.S.C. §§ 2381–2391):**Defendants' ultra vires acts and oath violations constitute betrayal of official duties, warranting criminal referral.
5. **Failure to File Documentation and Ultra Vires Acts:** Defendants acted beyond lawful authority by refusing to file documents and unlawfully preventing service, violating court rules and administrative law.
6. **False Misrepresentation of Plaintiff's Legal Status:** Defendants falsely labeled Plaintiff as a corporate fiction, denying his Indigenous State National status protected by international law.
7. **Mental and Emotional Distress:** Plaintiff suffered severe distress from Defendants' unlawful conduct, compensable under military claims regulation.
8. **Civil Rights Violation (42 U.S.C. § 1983):** Defendants deprived Plaintiff of constitutional rights under color of state law.
9. **Denial of Right to Access Courts:**Defendants' refusal to file documents and obstruction denied Plaintiff's fundamental right to redress.
10. **Violation of Court Rules and Procedures:** Defendants violated mandatory filing and service rules, undermining judicial integrity.
11. **Abuse of Discretion / Official Misconduct:** Defendants arbitrarily abused discretion, constituting official misconduct.

## VII. ADDITIONAL ALLEGATIONS REGARDING SERVICE OF PROCESS

On May 4, 2026, CPL Todd Calhoun and Deputy Frankie Mayes, acting under Sheriff Wayne Ivey's command, unlawfully and unconstitutionally prevented Deputy Collier from serving Defendants Erlenbach and Salamone. They provided an invalid reason that judges could not be served, violating their Oaths of Office, acting ultra vires, committing treason, misrepresenting a living man as a corporate fiction, conspiring to commit fraud, intimidating Deputy Collier, and violating 18 U.S.C. §§ 912, 241, 242, and 245.

Sheriff Wayne Ivey, as head of Brevard County law enforcement, is liable for these unlawful acts committed by his deputies under his command.

## VIII. DEMAND FOR PROOF

Plaintiff demands Defendants produce:

- Proof of Congressional delegation authorizing their actions.
- Proof of Defendants' legal status and nationality.
- Copies of Defendants' valid Oaths of Office.
- Evidence supporting any cause of action for misconduct without due process.
- Explanation for conspiracy to intimidate Deputy Collier to prevent service.

## IX. PRAYER FOR RELIEF

Plaintiff respectfully requests this Court to:

- Declare Defendants' conduct unlawful, unconstitutional, ultra vires, and in violation of federal and international law.
- Declare Plaintiff's status as an Indigenous American State National and living man, not a corporate fiction.
- Enjoin Defendants from further violations and obstruction of justice.
- Award equitable, compensatory, and punitive damages in the amount of **$75,000,000**.
- Award costs, attorney's fees, and other relief as the Court deems just and proper.
- Reconsider and remand this case from any magistrate to a federal district judge, as Plaintiff expressly declines magistrate jurisdiction pursuant to *Haines v. Kerner*.

## X. JURY DEMAND

Plaintiff demands trial by jury on all triable issues.

## XI. CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Amended Complaint was served to all parties or their attorney and filed with the Court on this 26 day of June, 2026.

Respectfully submitted,

Marcus Hoper Sr
In Propria Persona
c/o 2960 Jefferson St
Mims, FLORIDA REPUBLIC 00000
Date: 6/26/26

Case # 2025-CA-056812

Form **COL**

# Violation Warning

## Denial of Rights Under Color of Law

▶ **Violation Warning—18 U.S.C. §242; 18 U.S.C. §245; 42 U.S.C. §1983**

| Name and address of Citizen | Name and address of Notice Recipient |
|---|---|
| Marcus Hoper Sr<br>c/o 2960 Jefferson St<br>Mims, FLORIDA REPUBLIC | Sheriff Wayne I Vey<br>700 S. Park Ave<br>Titusville, Fl 32780 |

Citizen's statement. Commanding officers are responsible for the actions of your CPL (Todd Calhoun) + Deputy (Frank Mayes) action for refusing to all process server to complete her job without constitutional reason.

I certify that the forgoing information stated here is true and correct.

**Citizen's signature** without prejudice UCC 1-308 ARR.

▶ | Date ▶ 6/25/26

## Legal Notice and Warning

**Federal law provides that it is a crime to violate the Rights of a citizen under the color-of-law. You can be arrested for this crime and you can also be held personally liable for civil damages.**

Attempting to cause a person to do something by telling that person that such action is required by law, when it is not required by law, may be a felony.

18 USC §242 provides that whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States ... shall be fined under this title or imprisoned not more than one year, or both.

18 USC §245 provided that Whoever, whether or not acting under color of law, intimidates or interferes with any person from participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States; [or] applying for or enjoying employment, or any perquisite thereof, by any agency of the United States; shall be fined under this title, or imprisoned not more than one year, or both.

42 USC §1983 provides that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**Warning**, you may be in violation of Federal Law and persisting with your demand may lead to your arrest and/or civil damages! Also understand that the law provides that you can be held personally responsible and liable, as well as your company or agency.

**You are advised** to cease and desist with your demand and to seek *personal* legal counsel if you do not understand the law

**Notice of Service:**

I, Marcus Hoper Sr certify that I personally delivered this notice to above named recipient and address on ~~[illegible]~~ June 27 at 10, 5 pm